White, J.
The defendants are the commissioners appointed under the act of April 16,1874, entitled “ an act tc .authorize the issuing of bonds, and to regulate the making •of contracts in certain cities.” 71 Ohio L. 80.
The first section of the act authorizes the issuing of the •bonds of the city in sums of one thousand dollars each, to an amount not exceeding one million of dollars, payable at the pleasure of the city after thirty years from the date thereof. The section also provides that the bonds shall be used only for the purpose of paying off “ the present floating debt of the city,” as directed in the act.
The second section provides for the appointment of the -commissioners, and prescribes their duties. The section declares that they shall constitute a commission, under the .authority of the act, “ to ascertain the present floating debt of said city, and by whom bona fide held, and to whom payable, to an amount not exceeding one million of dollars, and when ascertained, the amount of bonds hereby authorized necessary to discharge and pay the same shall be executed, in manner and form as aforesaid, and delivered to said commission, to be disposed of as aforesaid, and to place the proceeds thereof in the city treasury of 'said city, to be applied by the said treasurer to pay the said floating •debt.”
The third section consists of limitations upon the power of making ordinary expenditures unless there is money in the •treasury set apart to meet them; and of provisions declaring acts in violation of such limitations void, and imposing penalties upon parties guilty of such violation.
The whole act is contained in the three sections, except that the fourth section prescribes the time the act is to take effect.
The only question submitted for our consideration, is, whether sums which become due under contracts existing *541 at the date of the act, for work done or materials furnished after that date, constitute part of “the present floating-debt of the city.”
We agree with the counsel of the relator, that in determining this question we are not confined to what may be-the abstract meaning of the terms used. The sense may be restrained or enlarged so as to embrace such claims, if necessary to effect the true intent of the act.
The terms “floating debt” were doubtless used to distinguish the indebtedness to be provided for, from the bonded debt of the city, which is in its nature fixed and,, for the time it has to run, permanent. But it does not follow that it was intended by the act that the funds raised by the issuing of the bonds, should be applied in payment of all sums which might in the future become due under existing obligations, without regard to whether the liability of the city for the payment was fixed, or was contingent upon the performance of future service. The enlarging of the meaning of the terms “ present floating debt,” so as to-include sums to become due for services to be rendered in the future under existing obligations, would make the fund applicable to the payment of official salaries to become due-persons in office, and for the payment of which the city is-bound to provide.
The general policy of legislation in regard to municipal corporations, seems to be to require expenditures for the ordinary purposes of the corporation to be provided for from the current yearly revenue. 66 Ohio L, 260, sec. 656. And in respect to work done or materials furnished, after-the passage of the'act in question, we think it was the intention of the legislature that this policy should still be-adhered to without regard to the time of the making of the contract.
That it was not intended by the act to raise a fund which would be sufficient to discharge all the liabilities of the city except the bonded debt, is apparent from the limitation, imposed as to the amount of bonds to be issued.
The defendants, in our opinion, correctly interpreted their *542 •duty in rejecting the claim of the relators and those of a like nature. A peremptory writ will therefore be refused.
Hay, C. J., McIlvaine and Rex, JJ., concurring. "Welch, J., not sitting.